

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1970

Hon. William G. Button
Chairman, Board of Regents
East Texas State University
Commerce, Texas 75428

Opinion No. M-595

Re: Whether the employees'
contributions under the
Optional Retirement Pro-
gram (Article 2922-1i,
V. C. S.) may also be used
to purchase life insurance
benefits.

Dear Sir:

You have requested the opinion of this office concerning
the above question. In connection with your request you have
furnished us with the following information.

"This request has come after a recognition
on the part of the University Insurance Committee
that most of the faculty who have exercised
their option to go with the Optional Retirement
Program (ORP) have not taken insurance to cover
the death benefits they are surrendering when
they leave the Teacher Retirement System of Texas.
The Committee believes that part of this reluctance
lies in the fact that currently a faculty member
would have to pay for such coverage, in addition to
the regular six percent contribution he makes to the
ORP. The University believes that the law actually
permits the various carriers to offer such life
insurance death benefits within the program. How-
ever, it is felt that the Attorney General's opinion
is needed to make this clear.

-2835-

"Our belief that this inclusion of life insurance death benefits within the ORP is based upon the following factors:

"1. The title of the Act, as contained in the Session Laws 60th Legislature Laws 1967, page 1955 reads:
'An Act concerning an optional retirement program for teachers and administrative personnel employed by state-supported institutions of higher education and annuity and insurance contracts issued for these and related purposes; and declaring an emergency.'

"2. Section 1 of the Act uses the broad language 'Retirement Program' as opposed to the more restrictive 'Annuity,' and speaks of an intention to provide 'full and complete retirement benefits.'

"3. The defined term, 'Optional Retirement Program' speaks only of 'annuities.' But, Section 4, which authorizes the purchase of 'annuity contracts,' ignores the defined term and refers to 'annuity and group insurance contracts made pursuant to a benefit program authorized by the Governing Board,' as if to recognize a distinction between a strict annuity and an annuity contract containing special features adding up to a 'benefit program' as opposed to the defined 'Optional Retirement Program.'"

We quote the following pertinent provisions from Article 2922-1i, Vernon's Civil Statutes, the Optional Retirement Program:

"Sec. 2. As used in this Act, unless the context otherwise requires:

". . . .
". . . .

"(f) 'Optional Retirement Program' means the optional retirement program created by this Act <u>to provide fixed or variable retirement annuities,</u> including retirement unit annuity certificates of participation for faculty members.

"....

"Sec. 4. In administering the Optional Retirement Program a Governing Board may provide for <u>the purchase of annuity contracts</u> from any insurance or annuity company qualified and admitted to do business in this state. <u>Any life insurance or annuity company qualified and admitted to do business in this State shall be exempt from the payment of all franchise or premium taxes as to all annuity or group insurance contracts made pursuant to a benefit program authorized by the governing board</u> of an institution of higher education, or by any private non-profit educational institution of higher learning, which benefit program is paid for in whole or in part from the funds of such institution." (Emphasis added.)

We first note that the definition of "Optional Retirement Program" contained in Section 2(f), supra, does not encompass a life insurance feature. If the Act contains any authorization for the inclusion of life insurance as a part of the Optional Retirement Program, such can be found only in Section 4. A close analysis of the terms of Section 4 reveals only an authorization for annuity contracts, since the sentence that contains the phrase "group insurance contracts" relates only to the exemption of insurance companies from certain franchise or premium taxes.

We are unable to infer an intent to alter the expressed definition of the term "Optional Retirement Program", so as to include the authority to purchase life insurance on any basis.

As further discussion of this problem, we note from your letter of request that it was contemplated that the life insurance protection would be written as an integral part of the annuity contract purchased by each individual faculty member. Even assuming the most liberal construction possible, Section 4, supra, could only be construed as authorizing group life insurance, and not individual policies. Going even further, we observe that State colleges and universities are specifically authorized to enter into group life insurance contracts on behalf of all their employees, by virtue of Article 3.50, Texas Insurance Code. See Attorney General's Opinion M-582 (1970). Life insurance protection is thus available without the necessity of involving the Optional Retirement Program.

You are accordingly advised that it is the opinion of this office that the Optional Retirement Program authorized by Article 2922-1i, Vernon's Civil Statutes, is limited to fixed or variable retirement annuities, and the statutory program does not contemplate the life insurance feature.

### S U M M A R Y

The Optional Retirement Program authorized by Article 2922-1i, V.C.S., is limited to fixed or variable retirement annuities, and the statutory program does not contemplate the life insurance feature.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

Hon. William G. Button, page 5 (M-595)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Acting Co-Chairman

Jack Sparks
Fielding Early
Alan Minter
John Richards

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant